Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50389 | **DATE** | 9/11/2002 |
| **CASE TITLE** | UNITED STATES vs. SEAGA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Plaintiff's Motion to Compel is granted in part and denied in part. Seaga Corporation is to produce tax returns for the period 1989 through 1992 and 1993, if filed, within 21 days of the date of this order. Seaga Manufacturing is to produce its tax returns for the period 1992 through 1994 within 21 days of the date of this order. Plaintiff's Motion to Compel as to the tax returns of Southwest Financial is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 11 2002 | 31 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 02 SEP 11 PM 1:59 | 9/11/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| sw | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEAGA CORPORATION OF ILLINOIS, ) <br> SEAGA MANUFACTURING CORPORATION ) <br> SOUTHWEST FINANCIAL CAPITAL CO. ) <br> ) <br> Defendant. ) | Case No. 00 C 50389 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

The government ("Plaintiff") brought this action to reduce to judgment its tax claims for payroll taxes and corporate income taxes from Defendant, Seaga Corporation ("Seaga I"). The government seeks to set aside alleged fraudulent conveyances of certain assets and to foreclose its tax liens that attached to the assets of Seaga Manufacturing ("Seaga II"), the alleged alter ego of Seaga I. The government seeks discovery of tax returns from all three defendants for periods 1989 through 1992, with an additional two years on either side. Defendants objected and the Plaintiff now brings a Motion to Compel. For the following reasons, Plaintiff's Motion to Compel is granted in part and denied in part.

### Background

On January 15, 1993, Seaga I ceased doing business and transferred all its assets to Seaga II. Steven Chesney was the sole stockholder and principal officer of both Seaga I and II. After the transfer, Seaga II obtained a loan from Southwest Financial Capital Company ("Southwest"),

1

who filed and perfected its security interest in all Seaga II's assets. On May 8, 2001, Plaintiff filed an Amended Complaint naming Seaga I, Seaga II, and Southwest as defendants. In its Amended Complaint, Plaintiff named Southwest a defendant "because it may claim an interest in the property that is the subject of this action." (Pl's Amended Complaint). Plaintiff named Seaga II as a defendant because it is the alleged alter ego and possessor of assets fraudulently transferred from Seaga I. (Pl's Substitute Amended Complaint). It should be noted that Plaintiff's complaint asserts no allegation of wrongdoing on the part of Southwest.

## Discussion

Under Federal Rules of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The 2000 amendments to Rule 26(b)(1) narrowed the scope of discoverable material with the inclusion of the term "relevant to the claim or defense of any party" and the removal of the term "relevant to the subject matter involved in the pending action." *Compare State of Illinois v. Tri-Star Industrial Lighting, Inc*, No 99 C 8156, 2000 WL 1508248, *1 (N.D. Ill. Oct. 6, 2000)(stating "The key phrase in this definition– 'relevant to the subject matter involved in the pending action'--has been construed broadly ... .)(citing *Oppenheimer Fund Inc. v. Sanders*,437 U.S. 340, 351 (1978)), *with Behler v. Hanlon*, 199 F.R.D. 553, 555 (D. Md. 2001)(stating the "new version of Rule 26(b)(1) ... defines the scope more narrowly ... .") However, the narrowing of Rule 26(b) does not mean that a fact must be alleged in a pleading for the party to be entitled to discovery or information

2

concerning that fact. Rather, it means that the fact "must be germane to a specific claim or defense asserted in the pleading for information concerning it to be a proper subject of discovery." *See* 6 Moore's Federal Practice, § 26.41 (Matthew Bender 3d ed.). With this in mind, this court will address the tax returns as to each defendant individually.

**Seaga I's Tax Returns**

Defendants, in their response to Plaintiff's motion to compel, state "[t]o the extent copies of Seaga Corporation of Illinois' income tax returns are in existence for the period 1989 through 1992, no objection is being made." (Defendants' Response to Plaintiff's Motion to Compel). Therefore, this court orders production of Seaga I's tax returns for the period 1989 through 1992 to the Plaintiff. Further, because it appears that Seaga I was in operation until January 15, 1993, this court orders Defendant, Seaga I, to produce 1993 tax returns, if any were filed.

**Seaga II's Tax Returns**

This court now turns to Seaga II's tax returns. Plaintiff argues that Seaga II's tax returns are discoverable because the "financial information ... may shed light on the value of the assets transferred, the sufficiency of consideration, [and] sources of payment ... ."(Pl's Motion to Compel at 6). Defendants argue that "there is nothing included in a tax return which is relevant to a fraudulent conveyance theory." (Def.s' Response to Plaintiff's Motion to Compel). Although this court tends to agree with Defendants as to the fraudulent conveyance claim, this court recognizes that count two of the complaint is an alter ego claim and finds that tax returns are relevant, and thus discoverable. *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991)("We are persuaded that information concerning financial transactions and movements of corporate assets, subsequent to the transaction giving rise to this litigation was

3

'reasonably calculated to lead to the discovery' of evidence admissible on the issue of alter ego liability within the meaning of Rule 26(b)(1).") However, Plaintiff in its complaint states "Seaga II is an Illinois Corporation established December 21, 1992." As such, tax returns for the period 1989 through 1991 would be impossible. Therefore, this court orders Defendants to produce tax returns for Seaga II for the period 1992 through 1994.

**Southwest's Tax Returns**

Lastly, this court turns to Southwest's tax returns. Plaintiff argues that Southwest's tax returns are discoverable because the "financial information is relevant as [to] ... whether the alleged loan from Southwest [to Seaga II] is bona fide or part of a scheme to defraud creditors." (Pl's Motion to Compel). Defendants correctly argue against Plaintiff's Motion to Compel because the "only claim the government advances is that its lien should be superior to Southwest's." (Def.s' Response to Plaintiff's Motion to Compel at 2). Defendants' argument is supported by Plaintiff's inclusion of Southwest only because "it may claim an interest in the property that is subject to this action," and the complete lack of any allegations against Southwest in Plaintiff's Amended Complaint. (Pl's Amended Complaint). Under Revised Rule 26(b), this court finds that any tax returns of Southwest are not relevant to any claim or defense and thus not discoverable. Plaintiff may, however, attempt to gain information on the loan from Southwest to Seaga II through discovery, but because there has been no allegation that Southwest is part of a scheme to defraud, this court does not find any reason to compel Southwest to produce its tax returns.

## Conclusion

For the above stated reasons, this court orders that Plaintiff's Motion to Compel is granted in part and denied in part. This court orders Seaga I to produce its tax returns for the period 1989 through 1992 and 1993, if filed, within 21 days of the date of this order. Additionally, this court orders Seaga II to produce its tax returns for the period 1992 through 1994 within 21 days of the date of this order. Finally, this court denies Plaintiff's Motion to Compel as to the tax returns of Southwest.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/4/02